## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL NO. 4:22-cv-02949** |
| | * | |
| **RICHARD STEPHEN OHENDALSKI, KAY** | * | |
| **ELIZABETH JENNINGS OHENDALSKI,** | * | |
| **REAGAN STEWART OHENDALSKI,** | * | |
| **HODGE-ROSS CO., LLC, WEST HILL** | * | |
| **INVESTMENTS LLC, WEST HILL PARK** | * | |
| **OFFICE LTD. CO., STEPHENS** | * | |
| **ASSOCIATES TRUST, HIS PARTNERS,** | * | |
| **PROSPERITY BANK, and WALKER** | * | |
| **COUNTY, TEXAS,** | * | |
| **Defendants.** | * | |

## UNITED STATES' ORIGINAL COMPLAINT

For its original complaint, authorized and requested by a duly authorized delegate of the Secretary of the Treasury of the United States of America and directed on behalf of the United States Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403, the United States alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil action brought by the United States to: (1) reduce to judgment the **$3.7 million** federal income (Form 1040) and civil penalty (Section 6702) tax liabilities of Defendant Richard Stephen Ohendalski ("Ohendalski"); (2) reduce to judgment the **$2.6 million of separate** federal income (Form 1040) tax liabilities of his wife, Defendant Kay Elizabeth Jennings Ohendalski ("Mrs. Ohendalski"); (3) determine that Defendants Hodge-Ross Co., LLC, West Hill Investments, LLC, West Hill Park Office Ltd. Co., and Stephens Associates Trust ("the

–1–

Entity Defendants") are alter egos or nominees of the Ohendalskis such that the Court also determines that the Ohendalskis are the true owners of the subject real properties; (4) foreclose federal tax liens on the Ohendalskis' real properties titled to some of the Entity Defendants located in Walker County, Texas; alternatively, against their ownership interests in the Entity Defendants; and (5) obtain a judicial sale of the Ohendalskis' properties to apply the proceeds to their federal tax liabilities.   The other defendants are joined to this lawsuit pursuant to 26 U.S.C. § 7403(b), because they have or may claim an interest in the subject real properties. Richard and Kay Ohendalski are referred to herein as "the Ohendalskis".

2.      This Court has jurisdiction pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

3.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff is the United States of America.

5.      Defendant Richard Stephen Ohendalski is the taxpayer, a disbarred certified public accountant, and he is liable for federal taxes that are the subject of this lawsuit.   He is an individual resident of Texas and of this district.   He may be served with process at his residence at 4811 State Highway 30W, Huntsville, Texas 77340, or at 1423B Brazos Drive, Huntsville, Texas 77340, his business address.

6.      Defendant Kay Elizabeth Jennings Ohendalski, the other taxpayer, is the wife of Defendant Richard Stephen Ohendalski, and she is liable for her separate federal taxes that are also the subject of this lawsuit.   She is an individual resident of Texas and of this district.   She

may be served at the residence she shares with Ohendalski at 4811 State Highway 30W, Huntsville, Texas 77340.

7.     Defendant Reagan Stewart Ohendalski ("Reagan") is the adult son of the taxpayers, the Ohendalskis.   Reagan is joined as a defendant pursuant to 26 U.S.C. § 7403(b), due to a notice of lis pendens he filed or had filed pertaining to 1423 Brazos Drive, Huntsville, Texas, one of the subject real properties, because he has or may claim an interest in this property.   In addition, Reagan offices at 1423 Brazos Drive, Huntsville, Texas 77320, and may claim an interest in that property as a tenant.   Reagan Ohendalski may be served at 26918 Millsbridge Drive, Magnolia, Texas 77354.

8.     Defendant Hodge-Ross Co., LLC ("HRC") is a Texas limited liability company, of which Richard Ohendalski is its manager. It is being joined as a defendant pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in one of the subject real properties as the record owner, although it is the alter ego or nominee of the Ohendalskis. It may be served through its registered agent, West Hill Park Office Ltd. Co., through its registered agent, Defendant Richard Ohendalski, at 4811 State Highway 30W, Huntsville, Texas 77340, or at 1423B Brazos Drive, Huntsville, Texas 77340.

9.     Defendant West Hill Investments, LLC ("WHI") is a Texas limited liability company, of which Richard Ohendalski is its manager. It is being joined as a defendant pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in one of the subject real properties as the record owner, although it is the alter ego or nominee of the Ohendalskis. It may be served through its registered agent, Financial & Tax Services, Inc., through its registered agent, Richard

Ohendalski, at 4811 State Highway 30W, Huntsville, Texas 77340, or at 1423B Brazos Drive, Huntsville, Texas 77340.

10.     Defendant West Hill Park Office Ltd. Co. (WHPO") is a Texas limited liability company, of which Richard Ohendalski is its manager. It is being joined as a defendant pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in 1423 Brazos Drive, Huntsville, Texas 77320, one of the subject real properties as the record owner, although it is the alter ego or nominee of the Ohendalskis. It may be served through its registered agent, Richard Ohendalski, at 4811 State Highway 30W, Huntsville, Texas 77340, or at 1423B Brazos Drive, Huntsville, Texas 77340.

11.     Defendant Stephens Associates Trust ("the Trust"), an alter ego or nominee of the Ohendalskis, and is joined as a defendant pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in real property on Highway 30 West in Huntsville, Texas, one of the subject real properties, through a sham mortgage, which should be subordinated to the federal tax liens.   The Trust may be served through Richard Ohendalski at 4811 State Highway 30W, Huntsville, Texas 77340, or at 1423B Brazos Drive, Huntsville, Texas 77340.

12.     Defendant HIS Partners ("HIS") may be a Texas partnership, is an alter ego or nominee of the Ohendalskis, and is joined as a defendant pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in the subject real properties.   HIS may be served through Richard Ohendalski, its partner or manager, at 4811 State Highway 30W, Huntsville, Texas 77340, or at 1423B Brazos Drive, Huntsville, Texas 77340.

13.     Defendant Prosperity Bank ("Prosperity") is, on information and belief, a subsidiary of Prosperity Bancshares, Inc., a Texas corporation operating in this district, which may be served through its vice president at 4295 San Felipe Street, Houston, Texas 77027.   Prosperity is joined as a defendant pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in one of the subject real properties as a mortgage holder.

14.     Defendant Walker County, Texas is joined as a defendant to this lawsuit pursuant to 26 U.S.C. § 7403(b), because it has or may claim an interest in the Ohendalskis' real properties for unpaid ad valorem taxes.   It may be served through its attorneys, Perdue Brandon Fielder Collins & Mott LLP, Attention: Melissa E. Valdez, 1235 North Loop West, Suite 600, Houston, Texas 77008.

## FACTUAL BACKGROUND

## A.     TAX DEFIER HISTORY OF RICHARD OHENDALSKI

15.     Despite having been a licensed certified public accountant, Defendant Richard Ohendalski has a history of failing to file his federal income (Form 1040) tax returns, failing to cooperate with the Internal Revenue Service, promoting abusive tax shelters and tax schemes, including domestic and foreign tax-avoidance trusts, and filing frivolous litigation against the United States (IRS) in this Court wherein he made tax protest arguments.[1]   Ohendalski also filed multiple cases against the Commissioner of Internal Revenue in the U.S. Tax Court, which cases

---

1 *Ohendalski v. United States,* 2006 U.S. Dist. LEXIS 61029; 98 A.F.T.R.2d (RIA) 6007-6379, Civil Action No. H-06-MC-084 (D.C. S.D. Tex. 2006) [Court granted Government's motion for summary judgment, denied Ohendalski's petition to quash IRS summonses, and found Ohendalski filed no income tax returns for years 2002 and 2003]; *Ohendalski v. United States*, 2015 U.S. Dist. LEXIS 173752 *; 117 A.F.T.R.2d (RIA) 2016-318; 2016 U.S. Dist. LEXIS 146 (S.D. Tex. 2016) [Ohendalski's claim for refund was dismissed after Court found it was undisputed that Plaintiff had not paid the disputed income taxes of over $2 million, and that the court lacked subject matter jurisdiction over all of Plaintiff's claims arising from these unpaid tax assessments."]

were either dismissed or a decision was entered in favor of the Commissioner: *Richard & Kay Ohendalski v. C.I.R.;* Docket No. 17900-86 (order of dismissal entered 01/29/1991); *Richard Ohendalski v. C.I.R.;* Docket No. 23012-08S (stipulated decision entered);  *Richard and Kay Ohendalski v. Commissioner of Internal Revenue*, Docket No. 19021-12 (order & decision entered in favor of Commissioner, discussed below); *Grace Foundation, R.S. Ohendalski, Trustee v. C.I.R.*; Docket No. 21052-12L (decision entered that Commissioner may proceed with collection action); and *Wilson Heirs Trust, R.S. Ohendalski, Trustee v. C.I.R.;* Docket No. 22627-14L (decision entered that the Commissioner's determinations concerning income taxes for years 2006, 2007, 2009, and 2010 were sustained).

16.     On or about August 10, 2007, Ohendalski was suspended from practice before the IRS for failure to file his federal income tax returns.   On June 30, 2011, the Texas State Board of Public Accountancy revoked Ohendalski's license to practice as a certified public accountant, for his failure to file his income tax return, discreditable acts, and conduct indicating a lack of fitness to serve the public as a professional accountant.

## B.     THE TAX LIABILITIES

17.     A delegate of the Secretary of the Treasury assessed against, and gave notice and demand to, Defendant Richard Ohendalski for his unpaid federal income (Form 1040) tax for tax years 2002, 2003, and 2004, and civil penalty (Section 6702) taxes for tax periods in 2010 and 2016, plus penalties, interest, and statutory additions thereon until paid, including fraud penalties under 26 U.S.C. § 6663.   The 2002, 2003 and 2004 income (Form 1040) taxes were assessed on October 21, 2014, the 2010 penalty (6702) liability was assessed on June 18, 2018, and the 2016

penalty (6702) liability was assessed on June 3, 2019.  The unpaid assessed tax balances and accruals, as of August 15, 2022, owed by Ohendalski, are as follows:

| Richard Ohendalski | | | | |
|---|---|---|---|---|
| Form/ Code § | Period | Total Original Assessed Amount | Current Accrual Amount | Total Current Amount |
| 1040 | 200212 | $804,403.79 | $87,616.83 | $892,020.62 |
| 1040 | 200312 | $876,746.91 | $103,159.61 | $979,906.52 |
| 1040 | 200412 | $1,712,565.15 | $105,266.54 | $1,817,831.69 |
| 6702 | 201012 | $5,042.00 | $966.10 | $6,008.10 |
| 6702 | 201612 | $5,042.00 | $660.35 | 5,702.35 |
| Total | | $3,403,799.85 | $297,669.43 | $3,701,469.28 |

The § 6702 penalties were assessed against Ohendalski for his frivolous submissions to the IRS.

18.     In addition, a delegate of the Secretary of the Treasury assessed against, and gave notice and demand to, Defendant Kay Ohendalski for her separate unpaid federal income (Form 1040) tax for tax years 2002, 2003, and 2004, plus penalties, interest, and statutory additions thereon until paid.   The assessment date for these income taxes was October 21, 2014, and the unpaid assessed tax balances, and accrued penalties and interest to August 15, 2022, are as follows:

| Kay Ohendalski | | | | |
|---|---|---|---|---|
| Form/ Code § | Period | Total Original Assessed Amount | Current Accrual Amount | Total Current Amount |
| 1040 | 200212 | $441,796.21 | $160,222.44 | $602,018.65 |
| 1040 | 200312 | $597,206.05 | $216,584.87 | $813,790.92 |
| 1040 | 200412 | $921,792.47 | $334,300.56 | $1,256,093.03 |
| Total | | $1,960,794.73 | $711,107.86 | $2,671,902.59 |

C.    **TAX COURT DECISION ON SUBJECT INCOME TAX LIABILTIES**

19.    The Ohendalskis disputed the proposed income (Form 1040) tax deficiencies for tax years 2002, 2003, and 2004 described above in the United States Tax Court, and on June 12, 2014, an Order and Decision was entered against them, sustaining the separate deficiencies in favor of the Commissioner of Internal Revenue, in *Richard and Kay Ohendalski v. Commissioner of Internal Revenue*, Docket No. 19021-12, including § 6663 fraud penalties against Ohendalski. The Tax Court Decision was affirmed by the Fifth Circuit Court of Appeals at 605 Fed.Appx. 457 (5th Cir. 2015), with the Fifth Circuit holding as follows:

> "Taxpayers appeal the Tax Court's judgment based on the settlement of the parties and contest the computation of taxes because not in accord with that settlement. No alternative computations, except for the incorrect zero denial of a tax, was ever explained and proposed. They have had many full opportunities to resolve any error in the … taxes they owe or in this judgment, and have always avoided those opportunities. Their argument now, about their settlement as the consequence of their attorney's ineffectiveness, fits their defense of hide and go seek."

Due to the entry of the Tax Court Decision and affirmance of that Decision by the Fifth Circuit, the Ohendalskis' income (Form 1040) tax liabilities are *res judicata*, and cannot be re-litigated herein.   *United States vs. Teal*, 16 F.3d 619 (5th Cir. 1994).

D.    **FEDERAL TAX LIENS**

20.    On July 29, 2015, Notices of Federal Tax Lien (NFTLs) against Ohendalski for his income tax for years 2002, 2003, and 2004 were recorded with the County Clerk for Walker County, Texas. On September 6, 2018, a NFTL against Ohendalski for the civil penalty for his frivolous tax submissions for the year 2010 was recorded with the Walker County Clerk.   On April 30, 2015, NFTLs were filed against Mrs. Ohendalski for her separate income tax for years 2002, 2003, and 2004 with the Walker County Clerk.   These tax liens secure payment of the

–8–

Ohendalskis' tax liabilities that are the subject of this suit.   In addition, alter ego NFTLs, pertaining to tax-avoidance entities established by Ohendalski which are discussed below, and which also secure payment of the Ohendalskis' federal tax liabilities, were filed with the Walker County Clerk, as follows:

| Form/Code § | Period | Entity | Filing Date |
|---|---|---|---|
| 1040 | 200212 | West Hill Park Office LTD | 7/20/2020 |
| 1040 | 200312 | West Hill Park Office LTD | 7/20/2020 |
| 1040 | 200412 | West Hill Park Office LTD | 7/20/2020 |
| 6702 | 201012 | West Hill Park Office LTD | 7/20/2020 |
| 1040 | 200212 | West Hill Investments, LLC | 7/20/2020 |
| 1040 | 200312 | West Hill Investments, LLC | 7/20/2020 |
| 1040 | 200412 | West Hill Investments, LLC | 7/20/2020 |
| 6702 | 201012 | West Hill Investments, LLC | 7/20/2020 |
| 1040 | 200212 | Hodge-Ross Company, LLC | 7/20/2020 |
| 1040 | 200312 | Hodge-Ross Company, LLC | 7/20/2020 |
| 1040 | 200412 | Hodge-Ross Company, LLC | 7/20/2020 |
| 6702 | 201012 | Hodge-Ross Company, LLC | 7/20/2020 |
| 1040 | 200212 | HIS Partners | 7/20/2020 |
| 1040 | 200312 | HIS Partners | 7/20/2020 |
| 1040 | 200412 | HIS Partners | 7/20/2020 |
| 6702 | 201012 | HIS Partners | 7/20/2020 |

E.  **OHENDALSKI'S TAX-AVOIDANCE ENTITIES AND THE SUBJECT REAL PROPERTIES**

21.     In an effort to avoid federal taxation and IRS Collections, Ohendalski has a long history of conducting business through a complex arrangement of entities, nominees, alter egos, and/or assumed names.   Toward that end, he created a variety of companies, partnerships, and trusts in an effort to mask his income and hide his assets. Most of his companies are interrelated. Individuals identified as partners in some of his companies admitted to IRS that they had no knowledge that they were partners in these companies.   Ohendalski created a vast web of entities and trusts to disguise his true income and assets. These entities have one common denominator, in that Ohendalski is the sole owner and operator. He created them to hide his income and assets, and then took affirmative steps to move funds outside the reach of the IRS after his unsuccessful appeals. Ohendalski solely makes all decisions, and signs documents and correspondence, on behalf of his entities. The address of each entity involved in this lawsuit is a suite in the same strip center where Ohendalski's former accounting practice is located, which is now operated by his son, Reagan.   Federal, state, local, and bank records reflect numerous entities controlled by Ohendalski, and he funnels funds into and out of his entities' accounts, which he controls and uses to fund his personal lifestyle.   Ohendalski is the sole owner, manager, operator, controller, and beneficiary of the Entity Defendants. He resides in a $2 million estate, lives a very lavish lifestyle, and he reported income in the amounts of $31, $21, $10, $22, and $33 for the years 2014 through 2018 on his income tax returns, then failed to file his income tax returns for years 2019, 2020, and 2021.

22.     In order to prevent the IRS from collecting his large federal tax liabilities, Ohendalski regularly changes partnership interests in his companies. He has moved millions of

−10−

dollars between his companies, which funds ended up in a bank account of HIS Partners, which pays the Ohendalskis' personal expenses, along with the expenses of some of his other companies. Much of this income was never reported on any of the income tax returns of the companies or Ohendalski. The following entities are alter egos of Ohendalski:

### A.   HIS Partners

23.    HIS Partners (HIS) is owned and operated by Ohendalski, and is the company through which all of his income is funneled. HIS pays the personal expenses of the Ohendalskis and the expenses of other companies of Ohendalski. HIS's bank accounts regularly have had balances of more than $200,000, and money was constantly moved in and out of its bank accounts. IRS's review of HIS's bank account with First National Bank of Huntsville (HIS also banks at Compass and Prosperity Banks) indicated that HIS had income in the amounts of $1,156,288.39 in 2017, $433,044.46 in 2018, and $113,532.94 in the first three months of 2019. Even though HIS had large sums of money moving through its bank accounts, its income (Forms 1065) tax returns from 2008-2018 all reported zero net business income. Ohendalski is the only person with signature authority on the HIS bank account, and its bank records indicate that he directs and controls all of its financial transactions.

### B.   Hodge-Ross Company, LLC-Hwy 30 W TX, Huntsville, TX 77320

24.    Hodge-Ross Company, LLC (HRC), filed articles of organization with the Texas Secretary of State on February 27, 2002.   Ohendalski is the only manager of HRC. On or about February 28, 2002, Ohendalski, through HRC, purchased, from Donald Lee Ross, Jenetta Ross,

and Marilyn Ross Johnson, 153.23 acres in Walker County, Texas, with the following legal description:

> A tract of land containing 153.23 acres of land, more or less, situated in the WM. HODGE LEAGUE, A-26, Walker County, Texas, being a portion of that tract of land described in that deed from Lance G. Ross and Helen Ross to Donald Lee Ross, et al, dated July 7, 1971 and recorded in Volume 239, Page 200 of the Deed Records of Walker County, Texas, with the metes and bounds description in the general warranty deed recorded at Volume 496, Page 005, on or about March 4, 2002.

25.     The Ohendalskis built a house on this acreage, and this house is the Ohendalskis' personal residence. The Ohendalskis make no rental payments to HRC for the use of this property, and on their income (Forms 1040) tax returns, they did not report investment or flow-through income from HRC. The ad valorem taxes and utilities on this property have been paid by HIS.

26.     Records IRS obtained from Lone Star Hydro-Flo, LLC indicate that Ohendalski is the owner of the real property described above, and do not specify that he is the manager of HRC, even though inspection reports reflected "West Hill Park, LTD.-Richard Ohendalski Mgr." Therefore, Ohendalski represented himself as the owner of the real property, instead of representing that HRC is the owner of the property.

27.     According to the Walker County Appraisal District (WCAD), the real property titled to HRC had a 2021 market value of $1,966,821. There is a sham mortgage on this property, held by Defendant Stephens Associates Trust, an alter ego or nominee of Ohendalski, which mortgage should be subordinated to the federal tax liens and extinguished.

28.     Ohendalski failed to respect corporate formalities with respect to HRC.   For example, according to the Texas Secretary of State, HRC failed to file its public information report ("PIR) for 2007 and 2020.   The 2021 PIR filed with the SOS was signed and filed by Ohendalski

as the only manager of HRC, with WHPO, another alter ego of Ohendalski, listed as its registered agent.

### C.   West Hill Investments, LLC-227 Bishop Rd., Huntsville, TX  77320

29.     West Hill Investments, LLC (WHI) filed Articles of Organization with the Texas Secretary of State on September 9, 2004. Ohendalski is the only manager of WHI. On or about September 22, 2004, Ohendalski, through WHI, purchased 706.218 unimproved acres of land in Walker County, Texas, shown by WCAD as two separate properties; one is 51.15 acres at 227 Bishop Rd., Huntsville, TX 77320, and the other is 654.26 acres listed at the same address, with the following legal description:

> Being 706.218 acres of land, situated in the F.M. DAVIS, A-694 (655.045 acres) and the EDWARD MILLER, A-358 (51.173 acres), SURVEYS, Walker County, Texas, and being the same as that certain tract described as Compartment WA23 in Correction Deed from RII Timberland Partners 3, LP to Texas Union Assets, Inc. and recorded in Volume 624, Page 746 of the Official Public Records of said county and also being the same as those certain called 642.60 and 50.0 acre tracts conveyed to Gibbs Brothers & Company by deeds recorded in Volume 42, Page 181 and Volume 102, Page 629 (Tract Two), respectively of the Deed Records of said Walker County, said 706.218 acres being more particularly described by meets and bounds on the Special Warranty Deed (With Vendor's Lien Retained) recorded in Volume 652, Page 376, Document No. 00008408, of the deed records of the County Clerk of Walker County, Texas on or about September 29, 2004.

30.     General Sam's Off-Road Park was operated on the above real property. Millions of dollars earned by General Sam's have been funneled through General Sam's accounts to HIS's accounts. Part of this real property is also used for timber production.

31.     Bishop RD, LLC ("Bishop"), whose charter was involuntarily terminated by the Texas Secretary of State, leased part of the land described above which is titled to WHI. Ian

–13–

Crissman, manager of Bishop, stated in an interview with IRS that Ohendalski takes a cut of the profits from Bishop.

32.     WHI's federal income (Forms 1065) tax returns for years 2007-2018 have all reported zero net business income.  On his income (Form 1040) tax returns, Ohendalski has reported no income from WHI, Bishop, or General Sam's. HIS paid the property taxes for the property titled to WHI.

33.     According to WCAD, the 51.15 acres titled to WHI had a 2021 market value of $151,340, and the 654.26 acres titled to WHI had a 2021 market value of $2,184,280.   There is a mortgage in favor of Prosperity Bank that is secured by this real property, and the real property described below, which mortgage had a balance due of $144,328.25 as of March 17, 2021.

34.     WHI also failed to respect corporate formalities.   For example, according to the Texas Secretary of State, WHI failed to file its public information report (PIR) for years 2007 and 2019.  Ohendalski is designated as the only manager of WHI in its PIRs.

### D.   West Hill Park Office LTD. Co.-1423 Brazos Dr., Huntsville,TX 77320

35.     West Hill Park Office LTD. Co. (WHPO) filed Articles of Organization with the Texas Secretary of State on June 19, 1996.    Ohendalski is the only manager of WHPO. On or about August 13, 1997, Ohendalski, through WHPO, purchased from Stephen V. Pate the real property at 1423 Brazos Drive, Huntsville, Texas 77320, a 0.588-acre property with a multi-unit office complex. Ohendalski' s accounting firm was using this building, and it is now Reagan Ohendalski' s office.   This real property has the following legal description:

> Being a 0.588 acres of land situated in the Lewis Cox Survey, A-13, Walker County, Texas, and being out of and a part of a 9.804 acre tract described in Volume 320, Page 600, Deed Records of Walker County, Texas, with a metes and bounds description in the general

warranty deed with vendor's lien in favor of third party recorded at Volume 0324, Page 413, of the Official Public Records of Walker County, Texas, on August 15, 1997.

36.     WHPO leases the other units in the building at 1423 Brazos to other companies. Rental income is deposited into HIS's bank accounts. Property taxes for the business were paid by HIS. According to WCAD, the real property titled to WHPO had a 2021 market value of $814,490. There was a mortgage loan pertaining to this property in favor of Prosperity Bank with a balance due of $2,134.62 as of March 17, 2021.   Ohendalski had reported no income from WHPO on his income (Form 1040) tax returns.

37.     WHPO failed to respect corporate formalities.   For example, according to the Texas Secretary of State ("SOS"), the articles of organization for WHPO were filed with SOS on June 19, 1996, showing Ohendalski was its initial registered agent and manager, but no public information report ("PIR") was filed by WHPO until 2003, and no PIR was filed for 2004, 2007, 2018, or 2020.   Ohendalski filed the 2021 PIR for WHPO as its registered agent and only manager.

## COUNT I
## REDUCE TAX ASSESSMENTS TO JUDGMENT

38.     Despite notice and demand for payment of the above-described tax liabilities, the Ohendalskis failed or refused to fully pay those liabilities.   Accordingly, pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Richard Ohendalski is liable and indebted to the United States in the amount of **$3,701,469.28** for federal income (Form 1040) tax for tax periods in 2002, 2003, and 2004, and for civil (Section 6702) penalty, plus statutory additions and additional prejudgment and post-judgment interest thereon, from August 15, 2022, until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622.   In addition,

pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Kay Ohendalski is liable and indebted to the United States in the amount of **$2,671,902.59** for her separate federal income (Form 1040) tax for tax periods in 2002, 2003, and 2004, plus penalties, and statutory additions and additional prejudgment and post-judgment interest thereon, from August 15, 2022, until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622.

**COUNT II**
**FORECLOSE FEDERAL TAX LIENS AGAINST THE REAL PROPERTIES**

39.     The real properties described above are titled to HRC, WHI, and WHPO, but the true owners of these properties are Richard Ohendalski and Kay Ohendalski.

40.     Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or failure by the Ohendalskis to pay the tax liabilities described above, after notice and demand, federal tax liens arose on the dates of the assessments, and attached to all property and rights to property belonging to the Ohendalskis and their alter egos or nominees, the Entity Defendants, including the real properties described above, and the Ohendalskis ownership interests in the entities.

41.     Additionally, the Internal Revenue Service publicly filed Notices of Federal Tax Lien ("NFTL") in accordance with 26 U.S.C. § 6323(f) against Ohendalski and his alter ego entities with the Walker County deed records in regard to Ohendalski' s tax liabilities described above.

42.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described in above against the subject real properties and the Ohendalskis' ownership interests in the Entity Defendants, by foreclosure sale or other court orders.  In particular, the United States is entitled to have the subject real properties sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the

–16–

parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sales, including any costs and expenses incurred to secure and maintain the subject real properties; second, to the defendant Walker County, Texas to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the Ohendalskis' federal tax liabilities described above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law.

**COUNT III**
**DETERMINE THAT HIS, HRC, WHI, WHPO, AND STEPHENS ASSOCIATES TRUST ARE THE ALTER EGOS OR NOMINEES OF OHENDALSKI**

43.     For the reasons stated above, the Court should find that HIS, HRC, WHI,   WHPO, and Stephens Associates Trust ("the Entity Defendants") are the nominees or alter egos of the Ohendalskis, and that the Ohendalskis are the true owners of the subject real properties.

44.     Pursuant 26 U.S.C. § 7402(a) and common law, an alter ego of a debtor may be held liable for debts owed by the debtor, and the alter ego's assets may be reached to satisfy those debts.  *See Zahra Spiritual Trust v. United States*, 910 F.2d 240, 244-245 (5th Cir. 1990).   It is well-settled that property held by a taxpayer's alter ego may be subjected to a federal tax lien or levy.  *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-351 (1977).   Ohendalski enjoyed the benefits of the Entity Defendants, he used the bank account of HIS to pay his personal and household expenses, he was the only manager of the Entity Defendants, and he exercised complete dominion and control over them.   Ohendalski failed to respect corporate formalities for

–17–

the Entity Defendants, and he uses them to hide his income and assets from the IRS.   The United States is entitled to a judgment that the Entity Defendants are alter egos of Ohendalski.

45.     There is also well-established case law applicable to nominees holding property for taxpayers.   *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-351 (1977); *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000) (noting six factors commonly used by other courts to determine the true beneficial or equitable owner of property).   The focus is on the relationship between the taxpayer and the property, and the ultimate inquiry is whether the taxpayer has engaged in a legal fiction by placing legal title to property in the hands of a third party while actually retaining some or all of the benefits of true ownership.   Factors considered by the courts include: (a) No consideration or inadequate consideration paid by the nominee; (b) Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the taxpayer continues to exercise control over the property; (c) Close relationship between taxpayer and the nominee; (d) Failure to record conveyance; (e) Retention of possession by the taxpayer; (f) Continued enjoyment by the taxpayer of benefits of the transferred property; (g) Taxpayer pays or is the source of the funds for payment of the expenses such as mortgage, local taxes, insurance, utilities, an other expenses to maintain the property after title is placed in the name of the nominee.   *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 n.1 (5th Cir. 2000).   Not all of the foregoing factors are of equal weight, and no one factor is determinative. However, taxpayer control (direct or indirect) is one of the most significant factors.   *United States v. Kudasik*, 21 F. Supp.2d 501, 508 (W.D. Pa. 1998).   Finally, transfer of legal title by the taxpayer to a third party is not essential. *Holman v. United States*, 505 F.3d 1060, 1065 (10th Cir. 2007).

In this case, Ohendalski purchased the subject real properties in the names of the Entity Defendants, and during their existence, they and Ohendalski failed to respect corporate formalities.

46.     The Entity Defendants hold title to the subject real properties for the benefit of the Ohendalskis, and the Ohendalskis are the true owners of the properties.   The Government may look to property held in the name of a nominee to satisfy the tax liability of the true owners, here the Ohendalskis.   The United States is entitled to a judgment declaring that the Ohendalskis are the true owners of the subject real properties, and that the Entity Defendants are their nominees.

WHEREFORE, the United States respectfully requests that this court order, adjudge, and decree:

1.     That Richard Ohendalski is indebted to the United States in the amount of **$3,701,469.28 ,** for income (Form 1040) tax for tax periods 2002, 2003, and 2004, and civil (Section 6702) penalty for years 2010 and 2016; plus penalties, and statutory additions and additional prejudgment and post-judgment interest from August 15, 2022 until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622;

2.     That Kay Ohendalski is separately liable and indebted to the United States for federal income (Form 1040) tax liabilities for tax years 2002, 2003, and 2004 in the amount of **$2,671,902.59,** plus penalties, and statutory additions and additional prejudgment and post-judgment interest from August 15, 2022 until paid, pursuant to 28 U.S.C. § 1961(c)(1); and 26 U.S.C. §§ 6601, 6621(a)(2), and 6622;

3.     That the Entity Defendants are determined to be alter egos or nominees of the Ohendalskis, and that the Court find that the Ohendalskis are the true owners of the subject real properties;

4.      That federal tax liens encumber the real properties described above, that these liens be foreclosed, that the properties be ordered sold by the Internal Revenue Service or a receiver, that the sales proceeds be first applied to pay the costs of sale, then any unpaid ad valorem taxes, then any legitimate mortgage, then the proceeds should be applied in satisfaction of the tax liens of the United States and the federal tax debts of the Ohendalskis;

5.      That if the United States avails itself of pre-judgment and post-judgment remedies under Sub-chapter B or C of the Federal Debt Collection Act, then the United States be awarded a surcharge of ten percent of the amount of the tax debt under 28 U.S.C. § 3011, to cover the cost of the litigation and enforcement of the claim for the debt to be paid by the Ohendalskis; and

6.      That the United States be awarded other such relief as is just and proper.


Respectfully submitted,


*/s/ Ramona S. Notinger*
RAMONA S. NOTINGER
Ramona.S.Notinger@usdoj.gov
Texas Bar No. 19158900
So. District of Texas Federal Bar No. 204
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas   75201
(214) 880-9766 fax: (214) 880-9741

ATTORNEYS FOR THE UNITED STATES

–20–