Case 4:22-cv-02949   Document 201   Filed on 05/09/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
May 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-02949 |
| | § | |
| RICHARD STEPHEN OHENDALSKI, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the plaintiff's, United States of America ("government"), motion for summary judgment (Dkt. No. 120). The defendants, Richard Stephen Ohendalski, ("Richard") and his wife Kay Ohendalski ("Kay") and the several entities owned or controlled by the Ohendalskis[1], has filed a response to the government's motion (Dkt. No. 145), and the government has filed a reply (Dkt. No. 155).  After reviewing the motion, the pleadings, the record, and the applicable law, the Court determines that the government's motion should be **GRANTED**.

---

[1] The Entities are Hodge-Ross Co., LLC, West Hill Investments LLC, West Hill Park Office Ltd. Co., Stephens Associates Trust, Swan Point Trust, Crystal Flyers Trust, and Wilson Heirs Trust
through their trustee, Richard Ohendalski, HIS Partners, HIS Joint Venturers, Crystal Flyers, LLC, Fidelis Texas, JSC, and Karpos Company. Collectively, these entities will be referred to as the "Ohendalski Entities".

## II. FACTUAL BACKGROUND

The government filed this motion for summary judgment regarding alleged tax liabilities against defendants Richard Ohendalski and his wife Kay Ohendalski, along with the Ohendalski Entities. The government claims that Richard's unpaid assessed tax balance as of August 15, 2022, totaled $3,701,469.28. Following the filing of this suit, the IRS collected and allocated approximately $3.2 million towards Richard's individual tax obligations. This motion seeks to establish Richard's tax indebtedness for the remaining $356,595.13 which includes federal income tax and civil penalties for tax years 2004, 2010, and 2016. The motion also seeks to establish Kay's separate liability of $2,275,068.52 for federal income tax years 2002, 2003, and 2004. Additionally, the government's motion aims to prove that certain entities associated with the Ohendalskis are their alter egos or nominees. Hence, the government seeks to enforce tax liens against certain real properties held by the Richard, Kay, and the Ohendalski Entities.

In response, Richard acknowledged his tax debt of $356,595.13 as of December 1, 2023, and states that he had paid $359,000, purportedly settling the debt amount which also included interest. He argued for the release of liens against the Ohendalski Entities linked to his tax liabilities. The defendants also contest the separate liens against Kay, emphasizing her lack of substantial connections to the Ohendalski Entities. In this regard, the defendants argue that the evidence concerning nominee liens against Kay, is insufficient to establish liability on her part. Hence, the government failed to adequately support its nominee claims against her.

### III. PLAINTIFF'S CONTENTIONS

The government acknowledges that the $3.2 million owed by Richard was collected by the IRS and applied to his separate tax debts from assets held by the Ohendalski Entities. Following the filing of a motion for summary judgment by the United States, Richard settled the remaining $359,000 of his tax liabilities. However, he and the Ohendalski Entities have not withdrawn their administrative claim for the return of the funds collected. In this regard, the government seeks a judicial determination that the Ohendalski Entities that held the funds were nominees of Richard or, alternatively, that he is judicially estopped from arguing otherwise.

Additionally, the government contends that several other entities, including Hodge-Ross Co., LLC, West Hill Investments LLC, West Hill Park Office Ltd. Co., are nominees of the Ohendalskis as evidenced by substantial evidence, including affidavits and declaration. The government further assert that Richard and Kay hold a community property interest in the Ohendalski Entities and any nominees that allow the government to enforce tax liens against their jointly held community property. Hence, the government seeks to foreclose its liens for Kay's tax liabilities against the Ohendalski Entities.

### IV. DEFENDANT'S CONTENTIONS

The Ohendalskis contends that despite the extensive documentation and witness depositions provided by the government, the government has failed to demonstrate substantial evidence beyond the fact that Richard owed taxes, which have since been paid. Furthermore, it is argued that there is a lack of evidence indicating that Kay meets the criteria for the nominee liens filed against her. Therefore, they are unenforceable. Hence, the Ohendalskis argue that

the nominee liens should be released because the entities have sold their assets to settle Kay's tax liabilities, or alternatively, are legitimate third-party entities whose assets cannot be appropriated to satisfy Kay's individual tax liabilities.

Lastly, they assert the government's argument concerning Richard's administrative claims is irrelevant and premature, as those proceedings have not concluded. Therefore, the government's claims in this case should be ignored or denied.

## V. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that

evidence support[s] [its] claim[s].'" *Id.* (internal citations omitted). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

## VI. ANALYSIS & DISCUSSION

### A. RICHARD OHENDALSKI'S TAX LIABILITIES

The evidence presented by the government supports the conclusion that the Ohendalskis were or are liable for substantial tax amounts owed to the United States government. Richard faced significant tax liabilities stemming from unpaid federal income taxes for the tax years of 2002, 2003, and 2004, as well as civil penalties for tax periods 2010 and 2016. The assessed amounts, along with accrued penalties, interest, and statutory addition, amount to a substantial sum totaling $3,701,469.28. The undisputed documentary evidence established that these liabilities arose from the filing of frivolous tax returns. See IRS code § 6702. The Court considers the following government exhibits in reaching its determination regarding the Richard's tax liabilities[2].

The evidence further shows that after this suit was filed, the Internal Revenue Service collected and applied $3.2 million to Richard's separate tax liabilities from assets owned by

---

[2] A Notice of Federal Tax Lien (NFTL) against Richard Ohendalski for income tax for 2002, 2003, and 2004 (Gov. Ex. 1, p. 9, Ex. F).
NFTLs against Ohendalski for civil (Section 6702) penalty for frivolous tax submissions for the years 2010 and 2016 (Gov. Ex. 1, p. 9, Ex. G).
A NFTL against Mrs. Ohendalski for her separate income tax for years 2002, 2003, and 2004 (Gov. Ex. 1, p. 9, Ex. H).

him and held by the Ohendalski Entities. While the government acknowledges that Richard has paid both the $3.2 million in taxes and the remaining balance of his tax liability of $359,000, it seeks to bar Richard from challenging these payments through an administrative claim filed with the IRS. In regard to the government's claim, the Court is of the opinion that Richard's administrative claim is barred, and that he is estopped as a matter of law.

The government's evidence, concerning Richard's tax liabilities and the resulting penalties is overwhelming and is factually undisputed. When given the opportunities to rebut the facts, Richard refused essentially defaulting on the claim. Hence, the opportunity to dispute the factual basis for the government's determination is foreclosed. Richard's conduct in this regard, is consistent with his past conduct. On previous occasions when tax liabilities were adjudicated in both the United States Tax Court and before the Fifth Circuit Court of Appeals, Richard's claims were denied. Specifically, the Tax Court's decision was affirmed by the Fifth Circuit, finding that the Ohendalskis' arguments were without merit. The Circuit Court also highlighted the Ohendalskis' persistent avoidance of their tax obligations. *See Richard and Kay Ohendalski v. Commissioner of Internal Revenue*, 2015 WL 5785969 (C.A.5) (2015).

---

Alter ego NFTLs filed against West Hill Park Office Ltd., West Hill Investments, LLC, Hodge-Ross Co., LLC, and HIS Partners (Gov. Ex. 1, p. 9-10, Ex. I).
NFTLs filed against Swan Point Trust, HIS Joint Venturers, Crystal Flyers, LLC, and Crystal Flyers Trust (Gov. Ex. 1, p. 10, Ex. J).

*Ohendalski v. C.I.R.,* 605 Fed. Appx. 457 (5th Cir. 2015). That holding and reasoning informs this Court's decision.

### B. KAY OHENDALSKI'S TAX LIABILITIES

Kay Ohendalski has also engaged in the conduct similar to that of Richard. She has refused to give testimony when confronted with evidence that established that she too had engaged in tax evasion for years 2002, 2003, and 2004. The evidence establishes that she lives a lifestyle that far exceeds the meager income that she reported. The discrepancy between reported income and her lavish lifestyle leads the Court to conclude that she has evaded her income reporting obligations. The government's evidence overwhelmingly demonstrates Kay's liability for outstanding tax reporting and taxes due are substantial and that she has evaded reporting and paying her taxes. Through an intricate network of entities aimed at concealing her true income and assets. Thus, the Court holds that the government's evidence concerning Kay's liability for the unpaid taxes, penalties, and interest is factually undisputed.

### C. ALTER-EGOS

The Court holds that the government's evidence establishes that the Ohendalski Entities is an intricately intertwined web of entities that serve primarily as an extension of the Ohendalskis' personal interest and financial dealings. For example, the evidence establishes that HIS Partners, a Texas partnership, serves as a conduit for income and expenses for the Ohendalskis, Richard serves as the sole operator and controller of its financial transactions. He has exclusive authority over HIS Partners' bank accounts and the use of the entity's funds. In the Court's view the evidence establishes that the entity is the Ohendalskis' alter ego. *See Century Hotels v. United States*, 952 F.2d 107, 110 (5th Cir. 1992). The evidence also

establishes that, Hodge-Ross Company, LLC ("HRC"), also serves a similar role. It holds the Ohendalskis' residential property and is managed solely by Richard. Kay is the sole beneficiary of the Stephens Associates Trust, which in turn holds a mortgage on the HRC's property. Their involvement, as such, establishes a seamless relationship between the entities and the Ohendalskis.

Further evidence establishes that the Stephens Associates Trust ("SAT") initially created with office equipment as its assets, has evolved into a vehicle that is used by Richard to manage financial affairs of other properties. His role as trustee and SAT's own indebtedness to the IRS, coupled with Richard's refusal to address question regarding ownership, leads the Court to conclude that SAT is also an alter ego of the Ohendalskis.

The Court reaches the same conclusion with respect to, the West Hill Park, LLC ("WHI"). WHI has substantial real estate holdings, and conducts financial transactions linked to Richard's personal accounts. When questioned about ownership he refused to answer questions concerning his control over WHI. The undisputed evidence shows that Richard uses WHI to lease office units, where the rental income derived flows into HIS's accounts for his personal expenses. The same determination applies to Hodge-Ross Co., West Hill Investment LLC, West Hill Park Office Ltd. Co., HIS Partners, and Stephens Associates Trust.

The alter ego doctrine applies when an individual utilizes a corporate entity as an instrumentality to circumvent legal obligations. Fifth Circuit case law emphasized that the assets of an alter ego can be levied upon to satisfy the debts of an individual when corporate boundaries are disregarded. *See Zahra Spiritual Trust v. United States*, 910 F.2d 240, 244-245 (5th Cir. 1990). Boundaries have been disregarded when there is commingling of funds, a

failure to observe corporate formalities, and where control over an entity's affairs are in the hands of an individual who uses the entities for personal particularly financial gain. *See Century Hotels v. United States*, 952 F.2d 107, 110 (5th Cir. 1992). Without doubt, the evidence establishes Richard and Kay's extensive control over these entities, including ownership, management, and the intermingling of the finances of the entities for their personal use.

### D. NOMINEES

An examination of the evidence also reveals a compelling narrative that the entities including HIS Joint Venturers, Crystal Flyers LLC, Crystal Flyers Trust, Swan Point Trust, Fidelis Texas JSC, Karpos Company, and Wilson Heirs Trust, are nominees of the Ohendalskis. Through a detailed analysis of their structure, transactions, and interactions, the government has demonstrated that these Ohendalski Entities serve as mere facades, lacking genuine independence or substance. Case law has set out factors to assist in discerning the true beneficial owner of an entity. *See Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000) (*citing Towe Antique Ford Foundation v. Internal Revenue Service*, 791 F. Supp. 1450, 1454 (D. Mont. 1992). A fact finder determines whether there is an absence or inadequacy of consideration paid by the nominee for services rendered, whether here is an

intimate relationship between a taxpayer and the nominee, and whether there is the retention of control or possession by a taxpayer, among others. *Id at 284.*

In this case, a pattern of behavior is revealed by the Ohendalskis that demonstrates that they have shielded themselves from accountability; that they have refused to provide crucial information that would establish or not the government's allegations.

Considering this evidence, i.e., the failure to adhere to established legal principles, the Court determines that the Ohendalski Entities function as nominees for the Ohendalskis for their personal enrichment. Consequently, this Court holds that the government is entitled to summary judgment on this claim.

### E. SALE OF PROPERTIES

The government's assertion that Kay holds a community property interest in the Ohendalski Entities and that the real properties titled to the entities, is legally the community property of Richard and Kay, is supported by the evidence. Under Texas law, marital property encompasses all assets acquired during the marriage. And the law presumes that property held during marriage is community property unless proven otherwise. This presumption applies here. Therefore, the Court holds that Kay holds a community property interest in the Ohendalski Entities and their real properties under Texas law. *See Barnett v. Barnett*, 67 S.W.3d 107,111 (Tex. 2001) (quoting Tex. Fam. Code § 3.003(a)).

The Court is urged to grant the foreclosure on Kay's tax liens through the sale of properties. Title 26 U.S.C. §§ 6321 and 6322 permits the government to assess liens on all property held by a delinquent taxpayer, which includes nominees or alter egos of the taxpayers. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 351 (1977). Therefore, the Court

**ORDERS** the sale of as much of the Ohendalski Entities's properties to satisfy Kay's tax liabilities.

### VII.  CONCLUSION

Based on the henceforth determination and conclusions, the Court **HOLDS** that the government's motion for summary judgment should be, and it is hereby **GRANTED** in all respects and that the defendants' responses and defenses are **DENIED**.

It is so **ORDERED**.

SIGNED on May 9, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge